■ In the Matter of RAYMOND H. DODGE, as Commissioner of Public Works of the City of Syracuse, Respondent, v. LEO D. KELLEY et al., Appellants.— Judgment insofar as appealed from unanimously reversed, with $50 costs and disbursements and application for additional allowance of 5% of the amount of the award granted. Memorandum: In the exercise of a proper discretion the application should have been granted. (*Power Auth. of State of N. Y.* v. *Wustrack*, 10 N Y 2d 730.) (Appeal from certain parts of a judgment of Onondaga County Court denying an application for additional allowance for attorneys' fees and expenses pursuant to section 16 of the Condemnation Law.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT LEROY DILLENBECK, Appellant.— Order unanimously reversed and proceeding remitted to Jefferson County Court for a hearing. Memorandum: The record indicates that a hearing should have been had on the contentions urged by the defendant in his petition. (Appeal from order of Jefferson County Court denying, without a hearing, motion to vacate a judgment of conviction for attempted robbery, second degree, entered March 26, 1959.) Present — Williams, P. J., Goldman, Henry and Noonan, JJ.

## (September 20, 1963)

■ OLIVE MANNING, Appellant. v. WILLIAM J. BURK et al., Respondents. — Order of April 20, 1960, insofar as appealed from, unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Order of April 6, 1959, unanimously reversed and the judgment based thereon vacated, without costs. Memorandum: While we do not condone the unseemly delay in the prosecution of this action by the plaintiff and her attorney, nevertheless, under all the facts and circumstances of the case, in the exercise of a reasonable discretion, the motion should have been granted. We also give consideration to the fact that there is an action still pending arising out of the same accident which must be tried in any event. (See *Speier* v. *St. Francis Church*, 3 A D 2d 732.) (Appeal from judgment and order of Erie Special Term dismissing the action for failure to prosecute; also appeal from certain parts of an order of Erie Special Term denying motion of plaintiff to vacate above order of FISHER, J.) Present — Williams, P. J., Bastow, Goldman and Noonan, JJ.

■ In the Matter of the Intermediate Accounting of JAMES W. BASSETTE, as Administrator of the Estate of LESLIE A. CRONK, Deceased. (And Another Proceeding.) — Order entered amending ordering paragraph of order entered September 12, 1963.